**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NORTHGLENN GUNTHER TOODY'S,
LLC, a Colorado Limited Liability
Company,

      Plaintiff - Appellant,

v.

HQ8-10410-10450 MELODY LANE LLC,
a Delaware limited liability company
registered to do business in Colorado,

      Defendant - Appellee.

No. 16-1468
(D.C. No. 1:16-CV-02427-WJM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Northglenn Gunther Toody's, LLC (NGT) appeals from the district court's

denial of its motion for a preliminary injunction.  NGT sought to prevent its landlord,

HQ8-10410-10450 Melody Lane LLC (Melody Lane), from leasing the building next

to NGT's diner-style restaurant to an International House of Pancakes (IHOP)

franchisee.  Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Melody Lane operates the Northglenn Marketplace shopping center in Northglenn, Colorado. One of its tenants is NGT, the owner of Gunther Toody's, a diner-style restaurant themed to evoke the 1950s. NGT has possession of the premises under a lease dated August 19, 1998, as amended and modified (the Lease). The Lease includes a limited exclusivity clause, stating that so long as NGT is not in default, Melody Lane "shall not permit any other portions of the Shopping Center to be leased or sold for usage as a diner similar in concept to the operation conducted from the Leased Premises by [NGT]"—that is, "a diner similar in concept to" Gunther Toody's. Aplt. App., Vol. I at 161.

In 2016, a Marketplace restaurant space next to Gunther Toody's became vacant. In June 2016, Melody Lane leased that space to an IHOP franchisee for use as an IHOP restaurant. For purposes of this appeal, IHOP qualifies as a "diner." IHOP serves breakfast foods 24 hours a day, but it also offers hamburgers, fries, and similar American foods.

Soon after executing the IHOP lease, Melody Lane executed an estoppel certificate and agreement (the Estoppel Agreement) for NGT. The Estoppel Agreement warranted that to Melody Lane's knowledge, neither Melody Lane nor NGT was in default under the Lease, "nor has there occurred any event or circumstance which, with notice or the passage of time, or both, would constitute a default under the Lease[.]" *Id.* at 172.

When NGT became aware of the planned IHOP restaurant, it notified Melody Lane that allowing an IHOP breached the Lease's exclusivity clause. Melody Lane denied that the IHOP was a "diner similar in concept to" Gunther Toody's and refused to rescind the IHOP lease. NGT then brought this diversity-jurisdiction suit for breach of contract, breach of the implied duty of good faith and fair dealing, and breach of warranty.

Concurrently with filing its complaint, NGT moved for a temporary restraining order (TRO) and a preliminary injunction. The district court denied a TRO and ordered Melody Lane to respond regarding a preliminary injunction. Both parties submitted extrinsic evidence, including opinions by expert witnesses. The overarching issue was whether IHOP is "similar in concept" to Gunther Toody's. After receiving NGT's reply, the district court decided the motion on the written materials, without holding an evidentiary hearing or allowing oral argument.

NGT argued that both restaurants "offer[] relatively inexpensive food with an emphasis on breakfast items such as pancakes, omelets, waffles, and French toast, which are served throughout the day. . . . Both serve traditional American dishes such as cheeseburgers, fries, salads, steak and mashed potatoes, club sandwiches, BLTs, ice cream sundaes and other simple fare." Aplt. App., Vol. I at 119-20.[1] The district court concluded, however, that "Gunther Toody's arguments make clear . . . that it interprets 'diner similar in concept to the operation conducted from the Leased

---

[1] Contrary to NGT's assertion that Gunther Toody's serves breakfast throughout the day, Gunther Toody's menu indicates that it serves breakfast only during morning hours.

3

Premises by [NGT]' as a long-form name simply for 'diner.'" *Id.*, Vol. III at 602. Because "Colorado courts strive to avoid any interpretation that would render contractual language meaningless or redundant," the district court "[could not] agree that the 'similar in concept' clause has no independent force—that it does not modify 'diner' in some meaningful way." *Id.* at 603. Instead, the district court found "more persuasive the conclusions of Melody Lane's expert . . . that the 'concept' at issue in the Restrictive Covenant is specifically the concept of a 1950s-style diner, not the general concept of a table service restaurant with a broad array of American breakfast, lunch, and dinner offerings." *Id.* at 605. Accordingly, the district court denied a preliminary injunction for failure to show a likelihood of success on the merits. NGT now appeals.

## ANALYSIS

NGT argues that the district court erred both in denying a preliminary injunction and in deciding the issue without holding an evidentiary hearing and allowing oral argument.

### I. Decision Without a Hearing and Oral Argument

We first address the district court's election to resolve the matter on the written materials. We review this decision for abuse of discretion. *See Davoll v. Webb*, 194 F.3d 1116, 1139-40 (10th Cir. 1999).

As NGT acknowledges, neither Fed. R. Civ. P. 65(a) nor this circuit's precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction. And while NGT submits that

4

"[i]t is an abuse of discretion to decide a preliminary order without giving the parties a fair opportunity to present their case," Aplt. Br. at 15, the record does not indicate that NGT was deprived of any such "fair opportunity." NGT had ample opportunity to present its arguments and evidence in written form. Not only did it file an opening memorandum and a reply (both supported by the opinions of its expert witness and other exhibits), but also the district court granted its motion to supplement the record with additional evidence.

NGT submits that it acted "with the understanding and assumption if the court found ambiguity in the Ground Lease's terms then the parties would be afforded an opportunity to present more detailed evidence at an evidentiary hearing[.]" *Id.* at 16. The district court, however, explicitly informed the parties three times during the briefing (including before NGT filed its reply) that it had not yet decided whether to hold a hearing. NGT's unfounded assumption did not make the district court's decision an abuse of discretion.

NGT also argues that in the absence of a hearing, the district court could not weigh the affidavits of one party over the affidavits of the other. NGT did not make this argument in the district court, however, and it does not argue for the application of plain error on appeal. This assertion therefore is waived. *See McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010) ("[E]ven if [the appellant's] arguments were merely forfeited before the *district court*, [its] failure to explain in [its] opening appellate brief . . . how they survive the plain error standard waives the arguments in *this* court.").

5

## II.     Denial of Preliminary Injunction

We now turn to NGT's merits arguments.  "We review a district court's decision to deny a preliminary injunction under a deferential abuse of discretion standard" that requires us to "examine the district court's legal determinations de novo, and its underlying factual findings for clear error."  *Warner v. Gross*, 776 F.3d 721, 727-28 (10th Cir.) (internal quotation marks omitted), *aff'd sub nom. Glossip v. Gross*, 135 S. Ct. 2726 (2015).  "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling."  *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (internal quotation marks omitted).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  The district court considered only the first requirement, the likelihood of success on the merits.

NGT argues that the district court used the wrong standard to evaluate the success factor.  As stated, generally a movant must show that it "is likely to succeed

6

on the merits." *Id.*[2] But with certain disfavored types of preliminary injunctions, the movant must make a "strong showing" of likelihood of success. *N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 n.15 (10th Cir. 2017). Classifying NGT's motion as seeking a mandatory injunction and an injunction that would provide complete relief, which are two of those disfavored injunctions, the district court applied the heightened standard. NGT asserts that this was error because it sought a prohibitory injunction, not a mandatory injunction. We need not consider this argument, however, because we conclude that NGT has not shown that it is entitled to relief under even the ordinary standard.

In a diversity case, the federal court applies the substantive law of the forum state, *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1120 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1375 (2017), in this case Colorado. "Under Colorado law, contracts should be interpreted consistently with the well-established principles of contractual interpretation. Courts must examine contractual terms and attempt to determine the intent of the parties." *Level 3 Commc'ns, LLC v. Liebert Corp.*,

---

[2] NGT asserts that "it will ordinarily be enough that the movant has raised questions 'so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.'" Aplt. Br. at 18 (quoting *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)). That describes the modified test this court has applied upon a strong showing that the harm factors favor the movant. *See Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281-82 (10th Cir. 2016). But the district court did not determine that the harm factors favored NGT, and even if it had, we recently recognized that the modified test is no longer good law in light of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008), *see Diné Citizens*, 839 F.3d at 1282. "Accordingly, we reject the use of a modified test to review whether the district court abused its discretion in issuing the preliminary injunction." *N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246-47 (10th Cir. 2017).

535 F.3d 1146, 1154 (10th Cir. 2008) (brackets, citation, and internal quotation marks omitted). "To determine the meaning of a contract, court must examine the entire instrument, and not view clauses or phrases in isolation." *Id.* (alterations and internal quotation marks omitted). "[E]very relevant provision must be considered and given effect[.]" *Id.*

NGT argues that the district court erred in evaluating extrinsic evidence because it never clearly found that the restrictive clause was ambiguous. "It is axiomatic that in the absence of an ambiguity a written contract cannot be varied by extrinsic evidence." *Id.* (internal quotation marks omitted). We decline, however, to reverse solely due to the district court's references to extrinsic materials. The district court permissibly consulted such materials to the extent that the term "concept" is ambiguous, and remanding for a specific finding of ambiguity would be focusing on merely technical error, if there were any error.

Moreover, NGT itself conflates a "plain language" inquiry with reference to extrinsic evidence. Its principal merits argument is that "[t]he two diners are 'similar in concept' within the plain meaning of the Ground Lease because their menus and pricing are comparable. . . . When analyzing the 'concept' of these two diners, the [district] court should have compared the menus and pricing." Aplt. Br. at 12.[3] Such

_____

[3] In this section of its brief, NGT also states that "[t]he denial of a hearing prevented Gunther Toody's from presenting these factors to the court and prevented the court from properly weighing the evidence in context." Aplt. Br. at 13. To the extent that NGT is relying on arguments not made before the district court, they are waived. *See McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010). To the extent that NGT is attempting to bolster its argument that it was prejudiced by the lack of a

8

an exercise, however, requires exactly what NGT claims is error – reference to the parties' exhibits. In any event, we agree with the district court that adopting NGT's argument essentially would broaden the restrictive covenant to preclude operating any "diner" in the Marketplace, not just a "diner similar in concept to" Gunther Toody's. As the district court stated, Colorado law directs that "every relevant provision must be considered and given effect," *Level 3 Commc'ns, LLC*, 535 F.3d at 1154, so that a court should not lightly read out a limiting phrase. We therefore are not persuaded that the district court erred by concluding that NGT is unlikely to succeed on the merits.

Finally, NGT asserts that the district court failed to consider its likelihood of success on its claim that Melody Lane breached the Estoppel Agreement. Even assuming that injunctive relief would be a proper remedy for this claim, in the district court NGT did not specifically argue its likelihood of success on any claim related to the Estoppel Agreement,[4] and it does not argue for plain error review now. Thus, the contention is waived. *See McKissick*, 618 F.3d at 1189.

---

hearing, nothing prohibited NGT from making whatever arguments it chose in its filings.

[4] NGT's preliminary-injunction motion focused on the Lease and only briefly noted its breach of warranty claim. Further, NGT effectively admits that it did not adequately brief this claim by stating "[h]ad the matter been scheduled for an evidentiary hearing and argument, the district court would have been presented more about the parties' Estoppel Agreement and Gunther Toody's breach of warranty claims." Aplt. Br. at 17.

**CONCLUSION**

The district court's denial of a preliminary injunction is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge